# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANIE HILTON,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-1492-Orl-28DAB**

**EPSILON OMICRON HOUSE**
**CORPORATION OF KAPPA DELTA**
**SORORITY, INC.,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 24)**
>
> **FILED:**    **July 14, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

  The parties filed a Notice of Settlement (Doc. No. 22) in this Fair Labor Standards Act ("FLSA") case, and the Court issued an Order directing the parties to file the terms of the settlement and supporting papers sufficient to conduct the required fairness review, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (Doc. No. 23). Notably, the Court specified as follows: "The parties shall include in their papers a showing as to the reasonableness of any claimed attorney's fee." *Id.* The present motion followed. Upon review, the Court finds that the

parties have failed to comply with the terms of the Order directing the supplemental filing, and therefore, cannot find the proposed settlement to be reasonable.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the Amended Complaint (Doc. No. 20), motion and the unexecuted Settlement Agreement attached as an exhibit, Plaintiff was a housemother for the Defendant sorority house, and claimed that she was not paid minimum wage in accordance with federal and state law.[1] Defendant maintained that neither individual nor enterprise coverage existed under FLSA, and disputed the

---

[1]The original Complaint contained an overtime claim that was subsequently withdrawn by Plaintiff in favor of the minimum wage claims.

number of hours Plaintiff claimed. If Plaintiff was correct in her argument that she was a covered employee and worked 75 hours a week, she would be entitled to a maximum of $4,760.68 in minimum wage compensation. Following discovery, the parties agreed to a total of $3,500.00 to Plaintiff in damages and $2,250.00 in attorney's fees and costs. While the papers provide a reasoned basis for the compromise of the wage claim, the sole support for the claimed $2,250.00 fee to counsel is as follows:

> The parties have agreed this is a reasonable fee under the circumstances of this case, is below the lodestar of attorney's fees actually expended on the case, and was negotiated separately from Plaintiff's recovery and without regard to the amount of Plaintiffs' recovery. *See Bonetti v. Embarq Management Company,* Case No. 6:07-cv-1335-GAP-GJK, Document 53, P. 10 (August 4, 2009).

(Doc. No. 24 at 4-5).

The Court finds this showing to be inadequate.

Plaintiff's reliance on *Bonetti,* an opinion by Judge Presnell, is unpersuasive here. While *Bonetti* has been followed by some judges in this district, it is not binding on any. Indeed, Chief Judge Conway has explicitly declined to follow *Bonetti*. *See, e.g.*, *Correa v. Laiton, Inc., et al,* Case No. 6:09-cv-737-Orl-22DAB (Conway, C.J.); citing *Natera v. Mastercorp of Tenn., Inc.*, No. 6:08-cv-2088-Orl-22DAB, 2009 WL 2765878, *1 (M.D. Fla. Aug. 27, 2009) (Conway, C.J.) The parties do not cite any published decision where Judge Antoon, the presiding District Judge in this matter, has adopted the *Bonetti* analysis. Absent any indication that Judge Antoon would find the *Bonetti* analysis to be persuasive, the Court looks to the traditional method of determining the reasonableness of attorney's fees --application of the lodestar analysis. Here, despite an Order to provide a showing as to the reasonableness of claimed attorney's fees, the parties have failed to provide the Court with any information sufficient to calculate the lodestar (reasonable rate multiplied by reasonable number of hours). As such, the Court cannot verify that the fee agreed to is, in fact, "below the lodestar," nor

that it is reasonable or warranted here. Under these circumstances, the Court does not find that the settlement is a "fair and reasonable resolution" of Plaintiff's FLSA claims. Accordingly, it is respectfully **RECOMMENDED** that the Joint Motion to Approve Settlement Agreement be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 15, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy