**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JANIE HILTON,**

            **Plaintiff,**

**-vs-**                                      **Case No.  6:09-cv-1492-Orl-28DAB**

**EPSILON OMICRON HOUSE
CORPORATION OF KAPPA DELTA
SORORITY, INC.,**

            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AMENDED MOTION TO APPROVE SETTLEMENT (Doc. No. 26)**
>
> **FILED:**    **July 22, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The parties filed a Notice of Settlement (Doc. No. 22) in this Fair Labor Standards Act ("FLSA") case, and the Court issued an Order directing the parties to file the terms of the settlement and supporting papers sufficient to conduct the required fairness review, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (Doc. No. 23). In prior Report (Doc. No 25), this Court recommended denial of the motion to approve the settlement, due to the failure of the parties to provide sufficient information to evaluate the fairness of the settlement. The instant motion

seeks to provide that missing information and, upon review of the now complete record, the Court **VACATES** its prior Recommendation (Doc. No. 25) and **RECOMMENDS** that the instant motion to approve the settlement be granted.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the Amended Complaint (Doc. No. 20), motion and the Settlement Agreement attached as an exhibit, Plaintiff was a housemother for the Defendant sorority house, and claimed that she was not paid minimum wage in accordance with federal and state law.[1] Defendant maintained

---

[1] The initial Complaint contained an overtime claim that has since been withdrawn, in favor of the minimum wage claim.

that neither individual nor enterprise coverage existed under FLSA, and disputed the number of hours Plaintiff claimed. If Plaintiff was correct in her argument that she was a covered employee and worked 75 hours a week, she would be entitled to a maximum of $4,760.68 in minimum wage compensation. Following discovery, the parties agreed to a total of $3,500.00 to Plaintiff in damages and $2,250.00 in attorney's fees and costs.

The current filing presents a reasoned basis for the compromise of the wage claim, in view of the significant difficulties overcoming the lack of coverage defense and the uncertainty regarding the amount of hours worked. As for attorney's fees, the current filing reflects that Plaintiff's counsel spent 19.1 hours of attorney time and 5.5 hours of paralegal time in the representation of this matter (Doc. No. 26-2). While the Court does not accept counsel's claimed rate of $300 as reasonable, the Court takes notice that a fee of $2,250.00 inclusive of costs yields a rate significantly lower than the claimed rate. Upon review of the file, the Court finds the agreed-to fee to be fair and appropriate here.

It is therefore **recommended** that the motion be **granted** and the court approve the settlement terms outlined above as a fair and reasonable resolution of a bona fide FLSA dispute.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 27, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy